**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1665

PATRICE WILLIAMS,

Plaintiff - Appellant,

v.

CITY OF CHARLOTTE; BRANDON OTTELIN, Officer, in his official and individual capacity; TIFFANY ANDERSON, Officer, in her official and individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:21-cv-00649-RJC-DCK)

Submitted:  January 31, 2025                          Decided:  March 18, 2025

Before RUSHING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Dominique Camm, FREEDMEN LAW GROUP, Gastonia, North Carolina, for Appellant.  Lori R. Keeton, LAW OFFICES OF LORI KEETON, Charlotte, North Carolina, for Appellees Brandon Ottelin and Tiffany Anderson.  Roger A. McCalman, OFFICE OF THE CITY ATTORNEY, Charlotte, North Carolina, for Appellee City of Charlotte.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrice Williams brought this action against Sergeant Brandon Ottelin, Officer Tiffany Anderson, and the City of Charlotte, North Carolina. The complaint alleged that Ottelin and Anderson ("the officers") violated her constitutional rights and committed intentional torts under North Carolina state law when they entered her apartment without a warrant to investigate a potential domestic dispute and arrested her for resisting, delaying, or obstructing a public officer in discharging an official duty and for assaulting an officer. Specifically, she alleged violations of 42 U.S.C. § 1983, the Fourth and Eighth Amendments, and the North Carolina Constitution, and she raised state law claims of assault, battery, false imprisonment, excessive force, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress. Williams sought compensatory and punitive damages. The district court granted summary judgment in favor of Defendants. On appeal, Williams argues that genuine disputes of material fact precluded summary judgment on her Fourth Amendment and *Monell*[1] claims.[2] Finding no error, we affirm.

"We review a district court's grant . . . of summary judgment de novo." *Milla v. Brown*, 109 F.4th 222, 227 (4th Cir. 2024). Summary judgment is appropriate only when

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[2] Williams has waived appellate review of her claims under the Eighth Amendment, under state law, and for punitive damages. *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

2

"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, we "view[] the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." *Milla*, 109 F.4th at 227-28 (internal quotation marks omitted); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[A] genuine dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Johnson v. Robinette*, 105 F.4th 99, 113 (4th Cir. 2024) (internal quotation marks omitted).

"To create a genuine issue for trial, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* (internal quotation marks omitted). "[W]hen a district court considers a video recording of a police encounter at the summary judgment stage, a court must credit the plaintiff's version of the facts to the extent they are not blatantly contradicted by the recording." *Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024) (internal quotation marks omitted); *Scott v. Harris*, 550 U.S. 372, 378, 380-81 (2007) (discussing treatment of video evidence at summary judgment). To be sure, the *Scott* standard does not upend the traditional summary judgment analysis . . . [but] simply reinforces the unremarkable principle that at the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party when there is a *genuine* dispute as to those facts." *Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024) (internal quotation marks omitted).

3

I.

We begin with Williams's § 1983 claim that the officers violated her Fourth Amendment rights in various ways. The Fourth Amendment generally prohibits the warrantless entry of a person's home, but there are a few well-established exceptions to the warrant requirement. *United States v. Hobbs*, 24 F.4th 965, 969 (4th Cir. 2022). One of those exceptions is for exigent circumstances, "to render emergency assistance to an injured occupant[, or] to protect an occupant from imminent injury." *Lange v. California*, 594 U.S. 295, 301 (2021) (internal quotation marks omitted); *see United States v. Curry*, 965 F.3d 313, 322, 326 (4th Cir. 2020) (en banc). "Whether exigent circumstances exist to justify a warrantless search is judged according to . . . what a reasonable, experienced police officer would believe." *Corrigan v. Dist. of Columbia*, 841 F.3d 1022, 1030 (D.C. Cir. 2016) (internal quotation marks omitted). "This objective review looks at the totality of facts and circumstances as they would have appeared to a reasonable person in the position of the officer[s]—seeing what [they] saw, hearing what [they] heard." *Gaetjens v. City of Loves Park*, 4 F.4th 487, 492 (7th Cir. 2021) (cleaned up)

Upon reviewing the record, including the audio and video files, and considering the facts known by the officers when they entered Williams's apartment, we conclude that the district court did not err in finding that there was no genuine dispute as to any material fact regarding whether the officers could have reasonably believed a true emergency existed

4

and they needed to enter the apartment to aid a potential victim of domestic violence.[3] Under the totality of the circumstances here, the officers' conduct was objectively reasonable under the Fourth Amendment.

Next, Williams argues that the officers violated her Fourth Amendment rights by attempting to detain her while they investigated a domestic dispute. "A [Fourth Amendment] seizure of the person . . . occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that [s]he was not at liberty to ignore the police presence and go about [her] business." *Kaupp v. Texas*, 538 U.S. 626, 629 (2003) (internal quotation marks omitted). Whether a seizure violates the Fourth Amendment turns on whether it was conducted in an "objectively reasonable" manner. *Scott*, 550 U.S. at 381. "We must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983).

Construing the evidence in the light most favorable to Williams, the officers did attempt to briefly detain her. But our review of the record on appeal convinces us that the officers acted reasonably as a matter of law because they were responding to a domestic situation, they were acting under exigent circumstances, Williams falsely claimed to be the

---

[3] Williams's argument based on N.C. Gen. Stat. § 15A-285 (2023), is not properly before us because Williams "failed to plead [it in her complaint] and only raised [it] for the first time in response to a motion for summary judgment." *Walton v. Harker*, 33 F.4th 165, 176 (4th Cir. 2022).

5

only person in the apartment, and a person could be heard crying on the other side of a visibly damaged door. Accordingly, the district court did not err in granting summary judgment on this claim.

Williams next argues that the district court improperly granted summary judgment on her Fourth Amendment claim for unlawful arrest. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense," and is "determined by a totality-of-the-circumstances approach." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (cleaned up). "Whether probable cause exists in a particular situation always turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016). In determining the conduct known to the officers, "we consider only information actually possessed by the officers at the critical time, or that was then reasonably available to them, and in light of any exigencies of time and circumstance that reasonably may have affected the officers' perceptions." *Id.* (cleaned up).

The officers arrested Williams for resisting their efforts to detain her, *see* N.C. Gen Stat. § 14-223(a) (2023), and for assaulting a government official, *see* N.C. Gen. Stat.

6

§ 14-33(c)(4) (2023).  Upon reviewing the record, we conclude that the district did not err in finding that the officers had probable cause to arrest Williams.

Williams argues that genuine disputes of material fact precluded summary judgment on her excessive force claim.  "When a plaintiff alleges excessive force during an investigation or arrest," we analyze whether the use of force violated her Fourth Amendment right against unreasonable seizures.  *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).  Courts evaluate excessive force claims under an objective reasonableness standard, considering the totality of the circumstances and focusing on "the information the officers had when the conduct occurred," *Cnty. of L.A. v. Mendez*, 581 U.S. 420, 428 (2017) (internal quotation marks omitted), "rather than with the 20/20 vision of hindsight," *id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  "Three factors, established by the Supreme Court in *Graham*, govern this analysis:  (1) 'the severity of the crime'; (2) 'whether the suspect poses an immediate threat to the safety of the officers or others'; and (3) 'whether [s]he is actively resisting arrest or attempting to evade arrest.'"  *Franklin v. City of Charlotte*, 64 F.4th 519, 530 (4th Cir. 2023) (quoting *Graham*, 490 U.S. at 396).  This inquiry "requires [courts] to consider the facts at the moment that the challenged force was employed."  *Yates v. Terry*, 817 F.3d 877, 885 (4th Cir. 2016) (internal quotation marks omitted).

Our review of the body-worn camera footage and the record on appeal leads us to conclude that there was no genuine dispute of material fact regarding the excessive force claim.  Although the crimes with which the officers charged Williams were misdemeanors under state law, Williams immediately made clear to the officers that she would not be

7

detained.  Up until the point that Williams pushed Anderson, Anderson had only attempted to reach toward Williams to put Williams's arms behind her back and handcuff her while Ottelin determined whether the potential victim of the alleged domestic dispute needed assistance.  Once Williams shoved Anderson, Ottelin subdued Williams by taking her to the ground and handcuffing her.  While there is no video footage of Ottelin's take-down, the audio indicates that the physical struggle between Ottelin and Williams lasted about a minute until he could handcuff her.  Thus, the district court did not err in granting summary judgment on Williams's excessive force claim.

## II.

We also consider whether the district court erred in granting summary judgment as to Williams's *Monell* claim against the City of Charlotte.  A city may be sued under § 1983 only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell*, 436 U.S. at 690; *see Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (stating that, "to hold a municipality liable for a constitutional violation under *Monell*, a plaintiff must prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of her rights).  Because we discern no violation of Williams's constitutional rights, we conclude that the district court properly granted summary judgment on Williams's *Monell* claim. *Balogh v. Virginia*, 120 F.4th 127, 138 (4th Cir. 2024) (stating that "*Monell* claim . . . requires an underlying constitutional violation").

8

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*